UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ILONA ERZEBETH KADI DIENES,

                 Petitioner(s),

    v.

UNITED STATES OF AMERICA,

                 Respondent(s).

CASE NO. C25-2224-KKE

ORDER DENYING MOTIONS TO APPOINT COUNSEL AND FOR SERVICE BY THE U.S. MARSHALS SERVICE

This matter comes before the Court on Ilona Erzabeth Kadi Dienes's motion to appoint counsel (Dkt. No. 9) and motion seeking service by the United States Marshals Service (Dkt. No. 10).  Ms. Dienes, proceeding *pro se*, filed a complaint against the United States of America seeking to have her name removed from the terrorist watch list and claiming that she has been the subject of "human experiments" by someone named Pamela Marguelise.  Dkt. No. 3 at 1–2.

Ms. Dienes's motion to appoint counsel is denied.  Generally, no constitutional right to appointed counsel exists in civil actions.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).  *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims *pro*

*se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up).

In Ms. Dienes's motion to appoint counsel, she contends that she has been unable to locate an attorney willing to represent her and is at a disadvantage in pursuing her case due to her lack of legal education or background. Dkt. No. 9 at 1–2. The Court has no reason to question those assertions but finds them inadequate to establish exceptional circumstances for purposes of resolving Ms. Dienes's motion to appoint counsel. Ms. Dienes has not shown, nor does the Court find, that this case involves complex facts or law. Ms. Dienes has also not shown an inability to articulate the factual basis of her claims in a fashion understandable to the Court, nor has she shown she is likely to succeed on the merits of this case. As such, the Court finds that Ms. Dienes has failed to show the appointment of counsel is appropriate at this time.

Ms. Dienes's motion for service by the United States Marshals is also denied. Plaintiffs who are authorized to proceed *in forma pauperis* ("IFP") are entitled to have their summons and complaint served by the U.S. Marshal Service. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). But Ms. Dienes is not proceeding IFP, and the Court finds no other reason she would be entitled to such service.

Ms. Dienes also requests that the Court extend the 90-day deadline to serve the summons on Defendant. Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless "the plaintiff shows good cause" to extend the deadline. Ms. Dienes states that she has been unable to "determine [the] official identity and official residence" of Pamela Marguelise where Ms. Dienes could "serve the summons to." Dkt. No. 10 at 1. However, Pamela Marguelise is not a defendant in this case. The United States of America—the only defendant in Ms. Dienes's complaint—is subject to service

ORDER DENYING MOTIONS TO APPOINT COUNSEL AND FOR SERVICE BY THE U.S. MARSHALS SERVICE - 2

under Federal Rule of Civil Procedure 4(i)(1).  Accordingly, Ms. Dienes has not shown good cause to extend the deadline for serving the summons.

The Court therefore ORDERS as follows:

(1) Ms. Dienes's motion to appoint counsel (Dkt. No. 9) is DENIED.

(2) Ms. Dienes's motion for service by the United States Marshals Service (Dkt. No. 10) is DENIED.

(3) Ms. Dienes is DIRECTED to serve the summons and complaint and file proof of such service by **March 18, 2026**.  Failure to complete service by this date may result in this case being dismissed without prejudice for failure to prosecute and failure to comply with a court order.

(4) Because Ms. Dienes complied with the Court's previous order to submit a completed summons form, the Court's order to show cause (Dkt. No. 4) is DISCHARGED.

Dated this 25th day of February, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTIONS TO APPOINT COUNSEL AND FOR SERVICE BY THE U.S. MARSHALS SERVICE - 3