UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ILONA ERZEBETH KADI DIENES,

                Plaintiff(s),

    v.

UNITED STATES OF AMERICA,

                Defendant(s).

CASE NO. C25-2224-KKE

ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AND DENYING EMERGENCY MOTION

This matter comes before the Court on its own motion and on Plaintiff Ilona Erzabeth Kadi Dienes's "emergency motion to stop human torture" (Dkt. No. 13).  The Court previously ordered Ms. Dienes to serve the summons and complaint in this case on Defendant, the United States of America, pursuant to Federal Rule of Civil Procedure 4(i)(1) by March 18, 2026.  Ms. Dienes filed a proof of service indicating she personally delivered the summons to the Office of the U.S. Attorney for the Western District of Washington.  Dkt. No. 12.  However, Defendant has not appeared.  And it appears that Ms. Dienes did not complete service in compliance with Federal Rule of Civil Procedure 4.

For one thing, only a person who is "not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c).  Ms. Dienes is a party to this case and therefore may not personally serve the summons and complaint herself—she must either arrange for another person, such as a process server, to deliver the summons and complaint or complete service via registered or certified mail

ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AND DENYING EMERGENCY MOTION - 1

as set forth in Rule 4(i)(1)(A)(ii) and 4(i)(1)(B).  In addition, to serve the United States, Rule 4(i)(1) requires Ms. Dienes to both (A) complete service on the U.S. Attorney's Office (Fed. R. Civ. P. 4(i)(1)(A)) and (B) "send a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." (Fed. R. Civ. P. 4(i)(1)(B)). The proof of service Ms. Dienes filed does not indicate that she sent a copy of the summons and complaint to the Attorney General via registered or certified mail.

Accordingly, Ms. Dienes is ORDERED to, no later than **June 11, 2026,** either complete service in compliance with Federal Rule of Civil Procedure 4(i)(1) and file proof of the same, or else show cause why this case should not be dismissed for failure to prosecute.

Turning to Ms. Diene's "emergency" motion, the Court construes this motion as a motion for temporary restraining order.  Under this District's Local Civil Rules, "[m]otions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted."  Local Rules W.D. Wash. LCR 65(b)(1).  "Unless the requirements of [Federal Rule of Civil Procedure] 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." *Id.*  Ms. Dienes has apparently not notified Defendant of her motion and has not filed an affidavit setting forth "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" as required by Federal Rule of Civil Procedure 65(b).

Accordingly, Ms. Diene's emergency motion is DENIED for failure to comply with the Federal Rules and this District's Local Civil Rules.

//

//

ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AND DENYING EMERGENCY MOTION - 2

Dated this 28th day of May, 2026.

Kymberly K. Evanson
United States District Judge